# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESTENE MARIE MCMINN,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>Defendant. | Case No. EDCV 19-01063-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On June 1, 2019, Destene Marie McMinn ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits. (Dkt. 1.) The Commissioner filed an Answer on September 26, 2019. (Dkt. 16.) On April 2, 2020, the parties filed a Joint Stipulation ("JS"). (Dkt. 22.) The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 52 year-old female who applied for Social Security Disability Insurance benefits on July 1, 2015, and Supplemental Security Income benefits on September 28, 2015, alleging disability beginning December 10, 2013. (AR 15.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since December 10, 2013, the alleged onset date. (AR 17.)

Plaintiff's claims were denied initially on January 20, 2016, and on reconsideration on March 21, 2016. (AR 15.) Plaintiff filed a timely request for hearing on April 27, 2016. (AR 15.) On February 27, 2018, the Administrative Law Judge ("ALJ") Luke A. Brennan held a video hearing from Albuquerque, New Mexico. (AR 15.) Plaintiff appeared and testified in Moreno Valley, California, and was represented by counsel. (AR 15.) Vocational expert ("VE") Sonia L. Peterson also appeared and testified at the hearing via telephone. (AR 15.)

The ALJ issued an unfavorable decision on June 21, 2018. (AR 15-28.) The Appeals Council denied review on April 9, 2019. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises only the following disputed issue as ground for reversal and remand:

1. Whether the ALJ properly considered McMinn's testimony.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since December 10, 2013, the alleged onset date. (AR 15.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: degenerative disc disease of the cervical spine status post fusion, degenerative disc disease of the lumbar spine, and status post right shoulder surgery. (AR 18-20.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 20.)

The ALJ then found that Plaintiff has the RFC to perform a light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b) with the following limitations:

> Claimant can lift and carry twenty pounds occasionally and ten pounds frequently. Claimant can stand or walk for six hours in an eight-hour workday, and she can sit for six hours in an eight-hour workday. Claimant can never climb ladders, ropes, or scaffolds, but she can occasionally climb ramps and stairs. Claimant can occasionally kneel, balance, stoop, crouch, and crawl, and she can frequently reach in any direction with the bilateral upper extremities.

(AR 20-26.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence of record. (AR 22.)

At step four, the ALJ found that Plaintiff is not able to perform her past relevant work as an administrative clerk. (AR 26.) The ALJ, however, also found at step five that, considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of office helper, photocopy machine operator, and price marker. (AR 26-27.)

Consequently, the ALJ found that Claimant is not disabled within the meaning of the Social Security Act. (AR 27-28.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ's RFC is supported by substantial evidence.

**I. THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S SUBJECTIVE SYMPTOM ALLEGATIONS**

Plaintiff contends that the ALJ erred in discounting Plaintiff's subjective symptom allegations. The Court disagrees.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

### B. Analysis

Plaintiff alleges she suffers from depressive disorder, anxiety, obsessive-compulsive disorder, degenerative disc disease of the lumbar spine, and status post right shoulder surgery. (AR 22.) As a result, Plaintiff alleges she experiences pain, does not handle stress well, and cannot work. (AR 22.) The ALJ did find that Plaintiff had the medically determinable severe

impairments of degenerative disc disease of the cervical spine status post fusion, degenerative disc disease of the lumbar spine, and status post right shoulder surgery. (AR 18.) Notwithstanding these impairments, the ALJ assessed Plaintiff with a reduced range of light work RFC (AR 20-26) and determined that she could perform work in the national economy. (AR 26-27.) Consequently, the ALJ concluded Plaintiff was not disabled from the alleged onset date of December 10, 2013 (AR 15), through the date of decision on June 21, 2018. (AR 27-28.)

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms. (AR 22.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of these symptoms are "not entirely consistent" with the medical evidence and other evidence of record. (AR 22.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's subjective symptom allegations. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008). The ALJ did so.

### 1. Objective Medical Evidence

The ALJ found that Plaintiff's subjective symptom allegations were inconsistent with the objective medical evidence. (AR 22, 26.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's subjective symptom allegations. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Plaintiff underwent spinal fusion surgery in 2008 and right shoulder arthroplasty surgery in August 2014. She improved after both surgeries, "markedly" in the case of her shoulder. Plaintiff, however, does not discuss or even acknowledge her improvement in her symptoms and limitations. In February 2015, Plaintiff had normal coordination and ambulated with normal heel to toe gait, demonstrating no discomfort. (AR 23.) Although her neck had areas of tenderness, her neck range of motion was eighty percent and her upper extremity range of motion was ninety percent of normal. (AR 23.) Her strength was 5/5 and her sensation was intact. (AR 23.) In May 2015, Plaintiff's right shoulder

had ninety degrees of internal and external rotation, forty five degrees of abduction and fifty degrees of extension. (AR 23.)

In June 2015, Plaintiff's gait was normal and her cervical spine was tender to palpation. (AR 23.) in August 2015, she complained of right shoulder pain, but her right upper extremity strength was normal and it was not tender to palpation. (AR 23.) In October 2015, an MRI showed mild narrowing of both neural foramina. (AR 24.) In December 2015, Plaintiff had normal shoulder pain symptoms. (AR 24.)

In March 2016, Plaintiff's neck range of motion was eighty percent of normal and her shoulder range of motion was ninety percent of normal. (AR 24.) In August 2016, an MRI of the cervical spine showed mild to moderate narrowing of the left neural foramen. (AR 24.) In July 2017, an MRI of the right shoulder showed no abnormality. (AR 24.) In September 2017, Plaintiff's neck range of motion was eighty percent of normal and her shoulder range of motion was ninety percent of normal, with negative straight leg raising, intact sensation, and 5/5 strength. (AR 24.)

State agency reviewing physicians Dr. G. Spellman and Dr. S. Lee both assessed Plaintiff with a reduced range of light work RFC. (AR 24, 80-81, 95-96.) They opined Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently. (AR 24.) They further opined that Plaintiff could occasionally climb ramps and stairs. (AR 24.) Dr. Lee opined Plaintiff could perform limited overhead reaching with the right upper extremity. (AR 24.) There is no medical opinion in the record from a treating physician assessing functional limitations greater than the RFC assessed by Dr. Spellman and Dr. Lee, and by the ALJ. Plaintiff does not discuss or address any of the above medical evidence or medical opinion evidence, in particular the evidence of improvement. Plaintiff's only argument is that her surgeries were non-conservative modes of treatment, but this assertion does not speak to her functional limitations post-surgery and certainly does not establish disability in the face of so much medical evidence to the contrary. The ALJ's RFC regarding Plaintiff's musculoskeletal impairments and limitations is supported by substantial evidence.

As to Plaintiff's alleged mental impairments, the ALJ determined that Plaintiff had no more than mild limitations in functioning. (AR 18-19.) The ALJ found Plaintiff's mental limitations were nonsevere. (AR 19.) The ALJ's findings were supported by two State agency physicians, Dr. K. Loomis and Dr. B. Moura, who opined Plaintiff had overall mild limitations in social functioning and in maintaining concentration, persistence, and pace. (AR 25, 79, 93, 872.) Again, Plaintiff does not address or acknowledge the ALJ's assessment of Plaintiff's mental health limitations and symptoms or the opinions of the State agency physicians. The ALJ's nonsevere mental impairment assessment is supported by substantial evidence.

### 2. Inconsistent Daily Activities

The ALJ also found that Plaintiff's daily activities are inconsistent with her alleged disabling limitations (AR 22, 26), which is a legitimate consideration in evaluating subjective symptom allegations. Bunnell, 947 F.2d at 345-46. Here, Plaintiff washes laundry, cleans counters, drives, shops, pays bills, attends to her personal hygiene, and prepares simple meals. (AR 22.) Plaintiff contends that these activities do not mean she can work a full time job, but they do indicate her symptoms are not as severe as alleged. See Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009).

* * *

Plaintiff disagrees with the ALJ's evaluation of the medical and other evidence of record, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857; Thomas, 278 F.3d at 954 ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

The ALJ discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence.

* * *

The ALJ's RFC is supported by substantial evidence.

9

\* \* \*

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: July 10, 2020

                                              */s/ John E. McDermott*
                                              JOHN E. MCDERMOTT
                                              UNITED STATES MAGISTRATE JUDGE